Daniel, Judge,
 

 after stating tbe principal facts as above set forth, proceeded as follows:
 

 Whether the executor had assented to the legacy, so as to enable the plaintiffs to maintain their action, was a question submitted to the jury. The judge correctly stated in his charge, that ‘'the executor must manifest an intent to part with the legal title in favor of the legatee ; this intent might be manifested either by words or acts ; that slight circumstances were in some cases, sufficient for that purpose.” But in commenting on the declarations of the executor, proved to have been made just before he executed the deed for the benefit of his creditors, the judge stated it to the jury in the form of a question, “ did such a declaration manifest an intent to part with, or that he had parted with, the legal titled* Instead of charging in that manner, we think he should have told the jury, that the length of time which had elapsed from the probate of the will, to the period when the executor stated that he held the slaves as next of kin to the legatees, taken in connexion with the fact of his selling them, claiming to be the owner, was sufficient evidence if they believed it, to authorise them to find that an assent had been given by the executor.
 

 There is another point, apparent in the case, which renders it improper to send the case back for a new trial, as the plaintiffs clearly have no right to recover in a court of law, if all the points made in it were determined in their favor.
 
 Boreas Chapman
 
 had, by the settlement, only an equitable interest in the slave. The power only enabled her “ by writing in the nature of a will, or other writing duly attested,” to make an appointee, to take that equitable interest which she herself bad by virtue of the settlement. The legal estate remained in the trustee, until the sale made by him to the defendant. Whether the plaintiffs can recover the slave in a court of equity, is not for us now to determine.
 

 
 *402
 
 A d tl' altho’ thetmstéeinthe mamag’e ai-fa-cíes be also the executor, unless he assent by tual delivery.
 

 Although the testatrix appointed an executor, and he had the will admitted to probate in the County Court, which by law he ought to have done, yet that did not displace the legal title in the si ove. and place it in the executor The legai title remained in the trustee ; and as the testatrix had only the equitable estate, she by her will could not invest her executor with any other interest than she had herself. The assent of such an exeou- *or ^rat,s^e,rs 110 title. The circumstance of the testatrix making
 
 WorsLcy,
 
 who was the trustee in the settlement, a¡S() ¡iei. executor, does not alter the case;
 
 he still
 
 held , , . , the slave as trustee, and as' such, an assent would not pass ¡j¡m to the plaintiff: the law would not divest the trustee of the legal title, unless he had made an actual delivery, or had executed a bill of sale to the plaintiff, which was never done. A writing in the nature of a will by
 
 a feme
 
 covert, under a power, is not a proper will, for she cannot make a will by the rules of law, but in equity it is an appointment, and the appointee takes under the power, coupled with the writing. We think the plaintiffs in this case, have no title at law, and therefore, the judgment must be affirmed.
 

 Per Curiam — Judgment aeetrmed.